CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Chuckle
JAN 07 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 3:11CR00031-006 |
| v. | **ORDER** |
| TERESA SIMS, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

On April 12, 2012, this court sentenced the defendant to 108 months of imprisonment, followed by five years of supervised release, for her role in a conspiracy to distribute cocaine base. The case is presently before the court on the defendant's motion for a sentence reduction. Specifically, the defendant asks this court to modify her sentence to reflect a downward departure under United States Sentencing Guidelines §§ 5K2.11 (Lesser Harms) and 5K2.16 (Voluntary Disclosure of Offense). For the reasons that follow, this motion will be denied.

A district court's authority to modify a defendant's sentence is limited by 18 U.S.C. § 3582. Under § 3582, a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable guideline range, or Rule 35 of the Federal Rules of Criminal Procedure or another statute expressly permits the court to do so. 18 U.S.C. § 3582(c); see also United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Because none of these circumstances are present in the instant case, the court lacks the authority to modify the defendant's sentence.

This court also notes that neither guideline section applies to the defendant's conduct. The defendant helped her son and brother distribute crack cocaine by permitting a drug conspiracy to operate out of her home, storing cocaine in her home, and driving members of the

conspiracy to conduct drug transactions. On these facts, it is clear that she did not "commit a crime in order to avoid a perceived greater harm," as contemplated by the guidelines. U.S.S.G. § 5K2.11 (2012). Further, the defendant did not "voluntarily disclose[] to authorities the existence of . . . the offense prior to discovery of such offense." U.S.S.G. § 5K2.16 (2012). Rather, authorities with the Jefferson Area Drug Enforcement Task Force identified the defendant as a member of a crack cocaine conspiracy through the use of confidential informants, surveillance, controlled purchases of cocaine base, and search warrants.

Accordingly, it is hereby

### ORDERED

that the defendant's motion is **DENIED**.

The Clerk is directed to send a certified copy of this order to the defendant.

ENTER: This 7th day of January, 2014.

*Glen Conrad*
Chief United States District Judge